J-S47001-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALYSSA ANN PIAZZA | : | |
| | : | |
| Appellant | : | No. 220 EDA 2025 |

Appeal from the Judgment of Sentence Entered December 12, 2024
In the Court of Common Pleas of Northampton County
Criminal Division at No(s):  CP-48-CR-0000046-2023

BEFORE:  PANELLA, P.J.E., OLSON, J., and BECK, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED FEBRUARY 11, 2026**

Alyssa Ann Piazza appeals from the judgment of sentence entered in the Northampton County Court of Common Pleas on December 12, 2024. Additionally, Piazza's court-appointed counsel seeks to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967). We affirm the judgment of sentence and grant counsel permission to withdraw.

On November 1, 2024, following trial, a jury convicted Piazza of three counts of theft by unlawful taking, two counts of theft by failure to make required disposition, one count of financial exploitation of an older adult, and one count of abuse of a care-dependent person.[1] On December 12, 2024, the

---

[1] Respectively, 18 Pa.C.S.A. § 3921(b); 18 Pa.C.S.A. § 3927(a); 18 Pa.C.S.A. § 3922.1(a)-(b)(2); 18 Pa.C.S.A. § 2713.1(a)(1)(ii). Notably, the Commonwealth incorrectly cited Section 2713.1(a)(1)(ii) in its second amended information. This discrepancy is discussed further below.

trial court sentenced Piazza to an aggregate term of 58 to 116 months' imprisonment, plus restitution. No post-sentence motions were filed. This timely appeal followed.

We turn first to counsel's petition to withdraw. To withdraw pursuant to **Anders**, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [**Anders**] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted). With respect to the third requirement of **Anders**, that counsel inform the appellant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights." **Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005).

An **Anders** brief must comply with the following requirements:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009). "[I]f counsel's petition and brief satisfy **Anders**, we will then undertake our own review of

the appeal to determine if it is wholly frivolous." ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted).

We find counsel has substantially complied with the preliminary requirements set forth in ***Anders***. Counsel filed a petition to withdraw, certifying she has reviewed the case and determined that Piazza's appeal is frivolous. Counsel also filed a brief, which includes a summary of the history and facts of the case, potential issues that could be raised by Piazza, and counsel's assessment of why those issues are meritless, with citations to relevant legal authority. While counsel states in the petition to withdraw that a copy of the letter sent to Piazza advising her of her rights is attached, no such attachment appears along with the petition to withdraw in the record. However, counsel did attach a copy of the letter to her ***Anders*** brief, filed on the same date. The letter informs Piazza that counsel reviewed the record, found the appeal wholly frivolous, and advised Piazza that she has the right to retain new counsel in pursuit of her appeal or proceed *pro se* and that she has the right to submit any additional issues she believes are meritorious.

Counsel has thus substantially complied with the requirements of ***Anders***. Piazza did not file a response. Accordingly, we proceed to review the issues outlined in the ***Anders*** brief.

Counsel raises potential challenges to the sufficiency of the evidence to support Piazza's conviction for abuse of a care-dependent person, as raised

by Piazza in her 1925(b) concise statement. Specifically, Piazza raised the following issues in her concise statement:

> 1. The evidence presented at trial failed to prove every element of the crime charged beyond a reasonable doubt and, therefore, was insufficient to support [] Piazza's conviction for Abuse of Care-Dependent Person, as set forth in 18 § 2713.1 §§ [(a)(1)](i).
>
> 2. There was insufficient evidence at trial to support any finding that [] Piazza struck, shoved, kicked, or otherwise subjected the victim with physical contact.
>
> 3. The guilty verdict for Count 10 of the Second Amended Information following [] Piazza's trial was against the sufficiency of evidence presented.

Appellant's 1925(b) Concise Statement, 3/4/25.

Preliminarily, we note "[i]t is well-established that any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review. Further, an appellant's concise statement must identify the errors with sufficient specificity for the trial court to identify and address the issues the appellant wishes to raise on appeal." *Commonwealth v. Bonnett*, 239 A.3d 1096, 1106 (Pa. Super. 2020) (citations omitted). "If [a]ppellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. … Where a 1925(b) statement does not specify the allegedly unproven elements, the sufficiency issue is waived on appeal." *Id.* (citation, brackets, and ellipsis omitted).

As highlighted by the trial court, Piazza's first and third issue statements fail to state the elements she considers unsupported by sufficient evidence.

Accordingly, those issue statements do not preserve an issue for appeal. ***See***

***id.***; ***see also*** Trial Court Opinion, 3/27/25, at 3. However, due to our standard

of review in this ***Anders*** context, we will proceed to conduct an independent

review of Piazza's sufficiency claim.

We review sufficiency claims through a deferential lens:

We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder.

***Commonwealth v. Miller***, 172 A.3d 632, 640 (Pa. Super. 2017) (citations

and quotation marks omitted).

Piazza was convicted of abuse of a care-dependent person under 18

Pa.C.S.A. § 2713.1(a)(1), which provides as follows:

**(a) Offense defined.**—A caretaker is guilty of abuse of a care-dependent person if the caretaker:

(1) With the intent to harass, annoy or alarm a care-dependent person:

(i) strikes, shoves, kicks or otherwise subjects or attempts to subject a care-dependent person to or threatens a care-dependent person with physical contact;

(ii) engages in a course of conduct or repeatedly commits acts that serve no legitimate purpose;

- 5 -

(iii) communicates to a care-dependent person any lewd, lascivious, threatening or obscene words, language, drawings or caricatures; or

(iv) communicates repeatedly with the care-dependent person at extremely inconvenient hours.

18 Pa.C.S.A. § 2713.1(a)(1). Section 2713.1(e) refers to Section 2713(f) for the definition of caretaker and care-dependent person:

"Care-dependent person." Any adult who, due to physical or cognitive disability or impairment, requires assistance to meet his needs for food, shelter, clothing, personal care or health care.

"Caretaker." Any person who:

[…]

(4) is an adult who resides with a care-dependent person and who has a legal duty to provide care or who has voluntarily assumed an obligation to provide care because of a familial relationship, contract or court order; …

18 Pa.C.S.A. § 2713(f).

Piazza's only argument related to a specific element of the crime charged is that the evidence was insufficient to support her conviction for abuse of a care-dependent person because there was no evidence that she "struck, shoved, kicked, or otherwise subjected the victim with physical contact." Appellant's 1925(b) Concise Statement, 3/4/25 at ¶ 2. Her challenge clearly attacks the elements of Section 2713.1(a)(1)(i).

However, a review of the record shows that Piazza was prosecuted and convicted pursuant to Section 2713.1(a)(1)(ii). Piazza's argument, though phrased as a sufficiency of the evidence claim against the elements of

subsection (a)(1)(i), ignores the fact that she was found guilty of "engag[ing] in a course of conduct or repeatedly commit[ting] acts that serve no legitimate purpose," pursuant to 18 Pa.C.S.A. § 2713.1(a)(1)(ii). We agree with both the trial court and the Commonwealth that Piazza did not preserve for appeal a challenge relative to the incorrect citation to subsection (a)(1)(i) in the information.

Despite the information listing the citation as subsection (a)(1)(i), the thorough description of the offense provided, which is listed right below the citation, clearly listed a description that mirrors the language of subsection (a)(1)(ii). *See* Criminal Information, CP-48-CR-0000046-2023 ("Defendant, in her position as a caretaker of victim (her mother) engaged in a course of conduct or repeatedly commit[ted] acts that serve[d] no legitimate purpose."). Piazza never moved to quash the information based on this discrepancy. Rather, the preliminary hearing transcript indicates that Piazza waived a formal reading of the complaint and pled not guilty. *See* N.T., Preliminary Hearing, 12/16/22, at 3. The preliminary hearing transcript mimics the allegations in the description of the charge, which mirror subsection (a)(1)(ii), with no mention of subsection (a)(1)(i), or any testimony that remotely follows the language of subsubsection (a)(1)(i). At the close of the Commonwealth's case, Piazza did not raise the issue by making a motion for judgment of acquittal. Nor did she object in any way to the testimony and evidence provided in support of subsection (a)(1)(ii).

Additionally, the trial court provided jury instructions for subsection (a)(1)(ii). Piazza did not object to these instructions, and in fact acquiesced to them as written. *See* N.T., Jury Trial Day 4, 10/31/24, at 180 ("Yes. They're fine."). Finally, Piazza did not raise the issue in a post-sentence motion. Therefore, Piazza was clearly on notice of the charge and, in fact, she defended against subsection (a)(1)(ii). Given the above information, we find Piazza's attempt to rely on this typographical error at this juncture to be incredibly disingenuous.

Accordingly, we agree that this aspect of Piazza's position was not preserved for appellate review. Although sufficiency of the evidence arguments need only be preserved in a Rule 1925(b) concise statement, Piazza's actual argument relates to a defect in the criminal information. Not only did Piazza not raise this issue at any stage of the trial court proceedings before filing her 1925(b) statement, defense counsel expressly acquiesced to the description of the charge as written in the criminal information. Since there was no objection to the discrepancy in the criminal information and the charge for which she was prosecuted and found guilty, this aspect of Piazza's argument is waived.

Even if not waived, the defect with the criminal information, standing alone, does not warrant relief. While the information did not cite subsection (a)(1)(ii), the description provided for the offense mirrored the language of subsection (a)(1)(ii).

Our criminal procedural rules provide that "[t]he information shall contain the official or customary citation of the statute and section thereof, or other provision of law that the defendant is alleged therein to have violated; but the omission of or error in such citation shall not affect the validity or sufficiency of the information." Pa.R.Crim.P. 560(C).

We find our case law discussing the amendment of a criminal information particularly instructive. When presented with a question concerning the propriety of an amendment, we consider:

> [w]hether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted.

*Commonwealth v. Sinclair*, 897 A.2d 1218, 1221 (Pa. Super. 2006) (citation omitted).

> Since the purpose of the information is to apprise the defendant of the charges against him so that he may have a fair opportunity to prepare a defense, our Supreme Court has stated that following an amendment, relief is warranted only when the variance between the original and the new charges prejudices [a defendant] by, for example, rendering defenses which might have been raised against the original charges ineffective with respect to the substituted charges.

*Id*. at 1223 (citation omitted).

Here, it is obvious that Piazza knew of the facts surrounding the offense. Not once throughout the pretrial proceedings or during trial, was any allegation mentioned regarding striking, shoving, or kicking. Had Piazza raised the issue, the Commonwealth could have easily amended the information. The charge under subsection (a)(1)(ii), which was the subject of the jury instructions, did not add any new facts that Piazza did not know because the factual description included in the information pertained to that subsection. Further, the factual scenario was developed at the preliminary hearing, and Piazza defended against that factual scenario. Therefore, neither her defense strategy nor her trial preparation was implicated. **See id.** Accordingly, Piazza suffered no prejudice and is not entitled to relief.

Finally, we agree that sufficient evidence existed to establish that Piazza committed the offense that was prosecuted—subsection (a)(1)(ii).

In support of its finding that Piazza was her mother's caretaker, the trial court noted

> [Piazza] conceded that she was a caretaker for the victim, Charlotte Edwards, her mother. [Piazza] testified that in November 2017, the victim suffered a serious case of drop foot that severely limited her mobility. Piazza consequently assumed responsibility for providing for the victim's daily needs, including "getting the mail when [Piazza] was coming home from work or regardless, making meals for her ... [p]aying bills. Everything from A to Z, doctors' appointments, Insurance, medicine, anything you could imagine. Even entertainment." Thus, [Piazza]'s own admissions establish that she was a caretaker of the victim and that the victim was a care-dependent person.

Trial Court Opinion, 3/27/25, at 4-5 (citations omitted). We agree. The substantial testimony from all witnesses, including Piazza's own testimony, was more than sufficient to establish her role as a caretaker for her care-dependent mother.

As to subsection (a)(1)(ii), the trial court summarized the evidence supporting that element as follows:

> The second element the Commonwealth had to prove was that with the [i]ntent to harass, annoy, or alarm the victim, [Piazza] engaged in a course of conduct or repeatedly committed acts that served no legitimate purpose. At trial, the Commonwealth established that [Piazza] habitually restricted the food that the victim could eat and insulted her. Even more egregiously, [Piazza] sold the victim's house without her knowledge or consent, and deposited the proceeds into [Piazza]'s own bank account. After selling the house, [Piazza] abandoned the victim at the home of one of the victim's friends. [Piazza] only left victim with two suitcases full of possessions and two pillows. [Piazza] then disposed of the rest of the victim's possessions as trash. Additionally, after [Piazza] threw the victim out of her own home, [Piazza] withheld the victim's medication. The victim was understandably distressed by these actions.
>
> It is evident that the actions described above did not serve a legitimate caretaking purpose. Moreover, the nature of these actions mandates the conclusion that they were done with the intent to harass, annoy, or alarm the victim.

Trial Court Opinion, 3/27/25, at 5-6 (citations omitted).

This is not a case where the evidence is so weak and inconclusive that no probability of fact can be drawn from it. Notably, the evidence and testimony provided took over 4 days of trial. Viewing the evidence in a light most favorable to the Commonwealth, as the verdict winner, sufficient

evidence was introduced to find Piazza guilty of abuse of a care-dependent person pursuant to 18 Pa.C.S.A. § 2713.1(a)(1)(ii).

Having reviewed the issues raised in the **Anders** brief, and after conducting our own independent review of the record, which did not reveal any additional non-frivolous issues for appeal, we agree with counsel that the within appeal is wholly frivolous. As such, we affirm the judgment of sentence and grant counsel leave to withdraw.

Judgment of sentence affirmed. Petition for leave to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/11/2026